IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LISA SHARP, et al., | * |
| | * |
| v. | *   Case No.: 1:09-cv-2622 |
| | * |
| AMERICAN HONDA MOTOR CO., INC. | * |
| | * |
| | * |
| ***** | |

MEMORANDUM

Lisa Sharp and Mathew Barnes ("Plaintiffs") filed a complaint in Maryland State Circuit Court on December 19, 2008 against American Honda Motor Co. ("Defendant"), alleging several grounds of liability for injuries stemming from an automobile accident. (Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 1). On October 7, 2009, Defendant removed the case to the United States District Court for the District of Maryland. Now pending before the Court is Defendant's Motion to Dismiss under Fed. R. Civ. Pro 12(b)(2), (4) and (5), and Maryland Rule 2-507 for insufficient process, insufficient service of process and lack of this Court's jurisdiction over the Defendant. For the reasons stated below, I will grant the Defendant's motion.

**Statement of Facts**

The following facts are relevant to resolving the pending motion. On December 28, 2005, Plaintiff Lisa Sharp was in an automobile accident in which she allegedly sustained injuries. Three years later, on December 19, 2008, Plaintiffs filed a complaint in the Circuit

1

Court of Maryland for Carroll County.  The clerk of the court issued a summons on December 22, 2008.  Plaintiffs never served this summons.  On April 29, 2009, the Circuit Court issued a notification to the parties of contemplated dismissal stating:

> Pursuant to Maryland rule 2-507, this proceeding will be dismissed for lack of jurisdiction or prosecution without prejudice, 30 days after service of this notice unless, prior to that time, a written motion showing good cause to defer the entry of an order of dismissal is filed.

(Def.'s Mem. at 2.)  On May 28, 2009, twenty nine days into the thirty day response period, Plaintiffs filed a Motion to Defer Dismissal. (*Id.*)  On June 23, 2009, the Circuit Court deferred dismissal for ninety days.  (*Id.*)

Under Maryland law, a summons becomes dormant sixty days after it is issued.  *See* Maryland Rule 2-113.  Therefore, Plaintiffs requested that the court reissue the summons on July 2, 2009.  (*Id.*)  On July 7, 2009, a second summons was issued.  It became dormant on September 5, 2009.  Plaintiffs served the defective summons on Defendant on September 11, 2009.  On October 7, 2009, Defendant removed the case to federal court and filed a motion to dismiss.

**Discussion**

State law governs the sufficiency and service of process before removal to federal court. *See Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) (citing *Nealey v. Transportation Maritima Mexicana*, 662 F.2d 1275, 1282 (9th Cir. 1980) (process properly issued and served under state law remains sufficient after removal)).  Maryland Rule 2-507

provides that "[a]n action against any defendant who has not been served . . . is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant." A plaintiff can request a deferral of dismissal under Rule 2-507(e) with a showing of good cause for the delay in completing service. "A litigant meets Rule 2-507(e)'s good cause standard by proving willingness to proceed with the prosecution of the claim, and that the delay is not completely unjustified." *Reed v. Cagan*, 739 A.2d 932, 936 (1999). In addition, the trial court should consider whether the non-movant's delay has "substantially prejudiced the movant." *Id.* The decision whether to grant the motion to dismiss is addressed to the Court's discretion. *See Powell v. Gutierrez*, 529 A.2d 352, 355 (1987). Guided by the decision of the Maryland Court of Special Appeals in *Reed v. Cagan*, 739 A.2d 932 (1999), I find dismissal is appropriate for several reasons.

First, Plaintiffs have not proffered a reasonable justification for the delay in effecting service. The only reason Plaintiffs suggested is the need to "investigate and work with defendant." (Pls.' Response at 3.) This is largely the same reason given by Plaintiffs when seeking a deferral before the Maryland Circuit Court. (Def.'s Mem., Ex. 4.) Furthermore, it is paradoxical for Plaintiffs to claim that they have been unable to serve process upon Defendant because they were in the process of preparing for litigation. Compounding the unreasonableness of their position, Plaintiffs have represented that they have been in communication with Defendant, yet they still have not completed service of process.

Second, Plaintiffs' delay in effect service was significant. The original summons was issued on December 22, 2008, nearly ten months before Plaintiffs made their first, albeit unsuccessful, attempt at service. (Def.'s Mem. at 2.) Acquiescing in this delay would frustrate limitations statutes and policies underlying them by permitting a plaintiff to extend the

limitations period by nearly a year beyond its expiration.  Plaintiffs filed their complaint on the eve of the expiration of the relevant statutes of limitations.  Nearly a year later, service of process upon Defendant has not been effectuated.

Finally, the delay has prejudiced Defendant.  Plaintiffs note that Defendant had notice of the suit and was aware that Plaintiffs had commenced discovery.  (Pls.' Response at 3.)  Defendant requested, and was granted, an opportunity to inspect Plaintiffs' vehicle.  Therefore, Plaintiffs contend "Defendant can claim no prejudice . . . because it continues to have the ability to fully investigate the matter."  (*Id.*)  However, as the court in *Reed* made clear, "[p]rejudice from delay can exist that is not amenable to specific delineation."  *Reed*, 739 A.2d at 648.  The delay itself gives rise to an inference of prejudice.  Over time, recollections fade and evidence becomes more difficult to obtain.  A more specific showing of prejudice is not required because Plaintiffs have offered no reasonable explanation for their failure to serve Defendant.  *See, e.g.*, *Reed*, 739 A.2d at 936 (concluding that a higher showing of prejudice would be required when a delay is justified).

Ultimately, Plaintiffs do not offer an acceptable reason for the delay in serving Defendant.  Plaintiffs admitted "procrastination" in their first motion to defer dismissal on May 28, 2009.  However, despite a second chance, they have failed to alter their course of conduct.  For the foregoing reasons, I grant Defendant's Motion to Dismiss.  A separate order to that effect is being entered herewith.

DATE:  11/19/2009            __/s/_____
                                          J. Frederick Motz
                                          United States District Judge